UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

Y.S., individually and on behalf of D.F., a
child with a disability,

                              Plaintiff,

                      v.

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                              Defendant.

No. 21-CV-02159 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff Y.S., individually and on behalf of her son, D.F., a child with a disability, filed this lawsuit against the New York City Department of Education (the "DOE") in connection with an underlying administrative proceeding brought to enforce D.F.'s right to a free and appropriate public education ("FAPE"). After an Impartial Hearing Officer ("IHO") ruled that D.F. had been denied a FAPE during the 2017-2018 and 2018-2019 school years and awarded him various forms of relief, Plaintiff filed this motion for attorneys' fees under the fee-shifting provision of the Individuals with Disabilities Education Act (the "IDEA"). 20 U.S.C. § 1415(i)(3). Plaintiff requests $53,421.95 in fees and costs for both the underlying administrative proceeding and this federal action. The Court grants the motion, subject to the modifications discussed below.

## BACKGROUND

      The Court draws the following facts from the declarations of the lawyers who represented the parties in this action: Andrew Cuddy ("Cuddy Decl."), Kevin Mendillo ("Mendillo Decl."), Erin Murray ("Murray Decl."), Martin Bowe ("Bowe Decl."), Emily Goldman ("Goldman Decl."),

Roslyn Roth ("Roth Decl."), and Martha Nimmer ("Nimmer Decl."), their accompanying exhibits, and Plaintiff's Local Rule 56.1 Statement, to the extent the assertions therein are undisputed.

Plaintiff's attorneys are from the Auburn, New York office of Cuddy Law Firm ("CLF"), which is "one of the largest private special education law firms in the country." Cuddy Decl. ¶¶ 99-101. On April 25, 2019, Plaintiff's counsel initiated an underlying administrative proceeding—Case Number 182775—on Plaintiff's behalf by filing a due process complaint ("DPC") with the DOE. 56.1 Stmt. ¶¶ 9-10. The DPC alleged that the DOE had denied D.F. a free and appropriate public education during the 2017-2018 and 2018-2019 school years. *Id.* ¶ 11. Plaintiff sought relief in the form of a functional behavioral assessment, an independent neuropsychological evaluation, compensatory academic and related services, and amendment of D.F.'s individualized education plan, among other things. *Id.* ¶ 12.

The case was assigned to IHO Daniel Ajello, who presided over a pre-hearing conference on December 13, 2019 and an impartial due process hearing on January 23, 2020. *Id.* ¶¶ 14-16. The pre-hearing conference lasted 11 minutes and the due process hearing lasted 24 minutes. Roth Decl. ¶ 8. At the hearing, Plaintiff introduced 19 documentary exhibits and one witness via affidavit. Mendillo Decl. ¶ 47. The DOE then informed Plaintiff for the first time that it would decline to present a case, and consented to the evaluations and make-up services that Plaintiff sought. *Id.* ¶ 48. No closing briefs were submitted by either party. Roth Decl. ¶ 9.

The IHO ultimately issued Findings of Fact and Decision ("FOFD") in favor of Plaintiff and ordered the DOE to: develop an individualized education plan and behavior intervention plan for D.F., complete a functional behavioral assessment, fund 600 hours of individual academic tutoring for D.F., provide or fund 50 hours of parent counseling and training, and fund an independent neuropsychological evaluation. Mendillo Decl. Ex. C. Following the issuance of the

IHO's FOFD, CLF continued to monitor the matter in order to assist Plaintiff with implementation efforts and ensure the DOE's compliance with the IHO's orders.  Mendillo Decl. ¶¶ 52, 54.

On October 13, 2020, Plaintiff sent a fee demand to the DOE in the amount of $32,924.76 for attorneys' fees and costs incurred during the administrative proceeding.  56.1 Stmt. ¶ 18; Roth Decl. ¶ 12.  Although the DOE acknowledged receipt of the demand, it did not respond to the demand.  Cuddy Decl. ¶¶ 79-81.  CLF thus commenced this federal action on March 12, 2021 to compel the DOE to implement the FOFD and to resolve Plaintiff's claim for attorneys' fees and costs.  Murray Decl. ¶ 5.

CLF now seeks a total of $53,421.95 in fees and costs—consisting of $34,975.65 for the administrative action and $18,446.30 for the instant federal action.  Cuddy Decl. ¶ 121.  That amount reflects, respectively, 86.8 and 47.3 total hours billed by CLF attorneys and paralegals for the two separate components of this case.  *See id.*  It is inclusive of prejudgment interest, which was calculated using an annual rate of 3.25%.  *See id.*  CLF also seeks post-judgment interest.  *Id.* ¶ 123.

The DOE does not dispute that Plaintiff, as the prevailing party in the administrative action, is entitled to attorneys' fees.  However, the DOE argues that both the rate sought for CLF's attorneys and paralegals and the number of hours CLF billed are unreasonable.

## LEGAL STANDARD

"The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a 'prevailing party.'"  *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-cv-6851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019) (quoting § 1415(i)(3)(B)(i)).[1]  A plaintiff "prevails when actual relief on the merits of [her] claim materially alters the legal relationship between the parties

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014). As stated, the DOE does not dispute that Plaintiff was the prevailing party in the administrative action.

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Streck v. Bd. of Educ.*, 408 F. App'x 411, 415-16 (2d Cir. 2010). In determining whether an hourly rate is reasonable, courts primarily consider the prevailing market rates in the community for comparable legal services. *See* § 1415(i)(3)(C) (providing that attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished"). The prevailing market rate has been characterized as "the rate a paying client would be willing to pay . . . bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021). Courts also consider the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019). Because "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), courts may consider the *Johnson* factors holistically, rather than applying each factor individually to the facts of the case. *See Green v. City of New York*, No. 05-cv-0429 (SLT) (ETB), 2010 WL 148128, at

4

\*10 (E.D.N.Y. Jan. 14, 2010).  The trial court's goal should be "to do rough justice, not to achieve auditing perfection."  *Fox*, 563 U.S. at 838.  "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Second Circuit has observed that "recycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [the applicable statute] and compensation available in the marketplace," which would "undermine [the statute's] central purpose of attracting competent counsel to public interest litigation."  *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).  Accordingly, while a court may consider rates awarded in prior similar cases and its "own familiarity with the rates prevailing in the district," it should also evaluate the "evidence proffered by the parties."  *Id.*

## ANALYSIS

Although Plaintiff was the prevailing party in the underlying administrative action and is therefore unquestionably entitled to fees and costs, the Court concludes that certain aspects of the hourly rates sought, the hours submitted, and the costs requested are not reasonable.  The Court thus grants Plaintiff's motion for attorneys' fees and costs but makes reductions to the hourly rates, number of hours awarded, and certain costs.

**I.      Hourly Rates**

Applying the *Johnson* factors holistically here, the Court concludes that they do not support Plaintiff's proposed hourly rates.  Plaintiff does not allege that the issues in this case were especially novel or difficult, nor does it appear that this particular matter was more "undesirable," *Lilly*, 934 F.3d at 228, than the standard special education case.  Rather, the underlying proceeding appears to have been a fairly straightforward administrative matter.  *See* Roth Decl. ¶ 11.  The

hearing on the merits lasted less than 30 minutes, during which time Plaintiff's counsel presented 19 documentary exhibits, one affidavit, and no live testimony. The hearing was also uncontested, as the DOE declined to put on a case and even consented to the relief sought by Plaintiff. *Cf. Y. G. v. New York City Dep't of Educ.*, No. 21 CIV. 641 (AKH), 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022) (finding CLF's requested rates reasonable where the "the administrative hearing was heavily contested and required the skill of an experienced IDEA litigator to prevail, as there were multiple days of hearings and five hearings on the merits"). On the other hand, "the degree of success obtained by plaintiff's counsel" is "the most critical factor in determining the reasonableness of a fee award." *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 CIV. 7632 (PAE), 2018 WL 3769972, at *11 (S.D.N.Y. Aug. 9, 2018) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). And the parties do not dispute that CLF obtained for Plaintiff all of the relief she sought for her son.

The Court finds that on balance, the factors support a reduction in the fee rate sought, albeit not as large of a reduction as the DOE has advocated. For the reasons already articulated in *V.W. v. New York City Dep't of Educ.*, No. 20-CV-2376 (RA), 2022 WL 37052, at *3-6 (S.D.N.Y. Jan. 4, 2022), and *H.W. v. New York City Dep't of Educ.,* No. 20-CV-10591 (RA), 2022 WL 541347, at *3 (S.D.N.Y. Feb. 23, 2022), recent cases before this Court which concerned nearly all of the same CLF attorneys and paralegals as this case and which were similar in complexity (or lack thereof), the Court modifies the hourly rates as follows. For Andrew Cuddy, CLF's managing attorney, an hourly rate of $400 is appropriate. For Kevin Mendillo, the principal attorney on the matter, an hourly rate of $300 is appropriate. For Erin Murray and Benjamin Kopp, both junior associates at the time they worked on this case, an hourly rate of $200 is appropriate. Finally, a rate of $100 per hour is appropriate for paralegals Allison Bunnell, Amanda Pinchak, Khrista Smith, Cailin

O'Donnell, Burhan Meghezzi, Sarah Woodard, and ChinaAnn Reeve, while a rate of $125 per hour is appropriate for senior paralegal Shobna Cuddy.

## II.     Number of Hours

District courts reviewing fee petitions must exclude "hours that are excessive, redundant, or otherwise unnecessary, allowing only those hours that are reasonably expended." *Hernandez v. Berlin Newington Assocs.*, LLC, 699 F. App'x 96, 97 (2d Cir. 2017).  To determine the reasonableness of hours spent on a matter, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *Hensley*, 461 U.S. at 436-37; *see also M.D. v. New York City Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)) ("Rather than engage in a painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours '[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.'").

The DOE argues that the hours billed for both the underlying administrative proceeding and the instant federal action are unreasonable, and provides several specific examples of purportedly improper time entries. *See* Bowe Decl. ¶¶ 4-29.  The Court agrees that some of Plaintiff's billing entries evidence redundant or excessive billing practices and that a reduction is thus warranted.

As the Court already explained to CLF in *H.W.*, purely administrative or clerical tasks are generally not compensable.  2022 WL 541347, at *4; *see also Dotson v. City of Syracuse*, No. 5:04-CV-1388 NAM/GJD, 2011 WL 817499, at *26 (N.D.N.Y. Mar. 2, 2011), *aff'd*, 549 F. App'x 6 (2d Cir. 2013) ("Clerical tasks such as organizing case files and preparing documents for mailing are

7

not compensable."); *Siegel v. Bloomberg L.P.*, No. 13-CV-1351 (DF), 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) ("With respect to tasks that are 'purely clerical,' such as downloading, scanning, or copying documents and organizing files, such work is generally not compensable, whether performed by an attorney or a paralegal."); *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed under fee shifting statutes regardless of who performs them."). Courts have defined "clerical tasks" to include "preparing a summons and complaint for service, ECF filings, entering dates into a calendar, and communications regarding ordering a court reporter." *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 253 (E.D.N.Y. 2020) (citing *Cocuzza v. Rockland Cnty., New York*, No. 17-CIV-8217 (KMK) (PED), 2019 WL 6498915, at *7 (S.D.N.Y. Nov. 7, 2019)); *see also DeMarco v. Ben Krupinski Gen. Contractor, Inc.*, No. 12-CV-573, 2014 WL 3696020, at *9 (E.D.N.Y. July 22, 2014) ("Courts may also deduct time spent on clerical tasks, such as faxing documents, preparing duplicates, serving papers on defendants, and filing documents."); *Harty v. Par Builders, Inc.*, No. 12-CV-2246 (CS), 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016) (reducing hours spent on "making calendar entries, preparing mailings, and completing other such tasks"). Nevertheless, despite the Court's prior admonition, CLF has continued to bill for these purely clerical tasks. *See, e.g.*, Cuddy Decl. Ex. 2 at 4 (associate billed 0.3 hours to "[f]ile the . . . complaint, summons, and civil cover sheet with the Southern District of New York"); *id.* (associate billed 0.1 hours to "execute[] service of process on the Department via email service"); *id.* at 7 (associate billed 0.2 hours to "file[] the [parties'] joint letter via ECF"); Cuddy Decl. Ex. 1 at 8 (associate billed 0.2 hours to "[f]ile hearing request electronically via impartial hearing office system"); *id.* at 10 (associate billed 0.1 hours to "[f]ile amended hearing request via DOE electronic filing system"); *id.* at 23 (paralegal billed 0.3

hours to "[r]eceive email . . . label and categorize into disclosure format, upload to electronic file, notes to file [and] forward . . . for further instruction").

Additionally, CLF billed an excessive amount of time for drafting the DPC to initiate the underlying administrative proceeding. Kevin Mendillo spent 13.1 hours drafting the eight-page document, which consisted primarily of a straightforward recitation of D.F.'s educational history and abilities; Andrew Cuddy then spent 1.1 hours reviewing it. *See* Cuddy Decl. Ex. 1 at 8. These numbers do not include the 4.1 hours and 6.2 hours already billed by Kevin Mendillo and Amanda Pinchak, respectively, for reviewing D.F.'s educational records before drafting of the DPC had begun. *Id.* at 3-7. Numerous courts in this district have reduced the time eligible for reimbursement in other fee applications involving the drafting of DPCs of similar length or complexity. *See L.L. v. New York City Dep't of Educ.*, No. 20-CV-2515 (JPO), 2022 WL 392912, at *4 (S.D.N.Y. Feb. 9, 2022) (reducing CLF's time spent working on a nine-page DPC to nine hours); *R.P. v. New York City Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *5 (S.D.N.Y. Apr. 27, 2022); *R.G.*, 2019 WL 4735050, at *4.

Further, just as they did in *H.W.*, Andrew Cuddy and Kevin Mendillo both inexplicably billed 0.3 or 0.4 hours apiece for "appeal analysis" of the IHO's decision, even though Plaintiff received all of her requested relief from the IHO. *See* Cuddy Decl. Ex. 1 at 19. And even if such an analysis were warranted, it was not necessary for both Cuddy and Mendillo—respectively, the managing attorney of the firm and the lead attorney on the matter, who has been practicing for over ten years—to spend time reviewing the IHO's favorable decision for the purpose of deciding whether to appeal the ruling. *See R.G.*, 2019 WL 4735050, at *4 n.7 ("A reasonable paying client would not pay two experienced litigators to determine that they had prevailed at the IHO level.").

As already noted, this was a relatively straightforward case that did not appear to implicate difficult legal questions, which culminated in an uncontested hearing on the merits that lasted less than 30 minutes. In light of this, and the aforementioned examples of excessive billing, the Court finds that the number of hours billed is generally disproportionate to the complexity of and work required in this case. In several recent comparable cases brought by CLF, courts in this district—including this one—have reduced the firm's hours by 20 percent or more. *See, e.g.*, *R.P.*, 2022 WL 1239860, at *5, *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-cv-11783 (RA), 2021 WL 3406370, at *4-5 (S.D.N.Y. Aug. 4, 2021); *M.D. v. New York Dep't of Educ.*, No. 20 CIV. 6060 (LGS), 2021 WL 3030053, at *6 (S.D.N.Y. July 16, 2021); *H.C. v. New York City Dep't of Educ.*, No. 20-CV-844 (JLC), 2021 WL 2471195, at *8-10 (S.D.N.Y. June 17, 2021). As it did in *V.W.* and *H.W.*, the Court finds here that reducing CLF's hours billed by 20 percent across the board will achieve "rough justice." *See Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (noting that courts may "reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction").

### III. Costs

CLF seeks $1,114.26 in costs, which includes: $233.00 in copying, $70.00 in faxing, $2.92 in postage, and $402.00 in filing fees. Cuddy Decl. ¶ 121. CLF also seeks $2,250.00 in travel fees for Kevin Mendillo charged at a rate of $225 per hour (representing 50 percent of his standard requested rate), and reimbursement for the following transportation- or travel-related expenses: $126.29 in lodging, $45.47 in meals, $31.06 in mileage, $16.00 in parking, and $187.52 in transportation. *Id.*

CLF is not entitled to $2,250.00 in compensation for time spent traveling between New York City and Auburn to attend a 24-minute hearing, as "it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New

York City rates and an additional five hours in billable time for each trip." *M.D.*, 2021 WL 3030053, at *5 (quoting *K.F. v. New York City Dep't of Educ.*, No. 10 Civ. 5465, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011)); *see also C.D.*, 2018 WL 3769972, at *10 ("The Court is skeptical that a reasonable client would agree to pay its counsel rates customary for this [d]istrict and for protracted travel time to and from Auburn."). Instead, the Court takes the approach that several other judges from this district have taken, which is to approve one hour of reimbursable travel time in each direction. *See id.* (noting that awarding one hour of travel time each way "gives due deference to a parent's desire to hire expert IDEA counsel . . . and to the inevitability of some travel time to the site of the hearing"). Mendillo's billable travel hours are thus reduced to one hour each way for each trip he took to and from New York City in relation to this action. *See, e.g.*, *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *18 (S.D.N.Y. Oct. 13, 2021) (doing the same and collecting cases). Those hours are to be charged at the rate of $150 an hour, or half of his approved hourly rate. The Court declines to award costs for all other travel-related expenses—lodging, mileage, transportation, parking, and meals. *See C.D.*, 2018 WL 3769972, at *13 ("A reasonable client, in the Court's judgment, would not agree to pay in-district attorney rates while also paying for extensive lodging expenses necessitated by out-of-district attorneys' travel."); *S.J. v. New York City Dep't of Educ.*, No. 20-CV-01922 (LGS) (SDA), 2020 WL 6151112, at *7 (S.D.N.Y. Oct. 20, 2020), *report and recommendation adopted as modified*, No. 20 CIV. 1922 (LGS), 2021 WL 100501 (S.D.N.Y. Jan. 12, 2021), *aff'd*, No. 21-240-CV, 2022 WL 1409578 (2d Cir. May 4, 2022) ("Similarly, Plaintiff's counsel's other out-of-district travel-related expenses, including mileage, tolls and parking, are not compensable.") (citing *U.S. ex rel. Feldman v. Van Gorp*, No. 03-CV-08135 (WHP), 2011 WL 651829, at *5 (S.D.N.Y. Feb. 9, 2011)).

As in *R.G.*, the Court will award only 10 cents per page in copying expenses. *See R.G.*, 2019 WL 4735050, at *6 ("While there has been some inflation since 2012, $0.10 per page continues to be entirely reasonable compensation for printing costs, absent any indication in the record why the copies in this case are exceptionally expensive."). It will not award any costs for faxing. *Id.* ("Modern copy machines have the ability to scan documents so that they can be emailed, a method of communication that costs virtually nothing. Because no rational client would pay to fax documents that could be transmitted for free via email, the $16 in fax costs is not reimbursable.").

Finally, because Plaintiff has not explained why she is entitled to pre-judgment interest, none will be awarded, although the request for post-judgment interest is granted. *See Y. G. v. New York City Dep't of Educ.*, No. 21 CIV. 641 (AKH), 2022 WL 1046465, at *4 (S.D.N.Y. Apr. 7, 2022) (declining to award pre-judgment interest where "Plaintiffs have not explained why they are entitled to [it]"); *S.J. v. New York City Dep't of Educ.*, No. 21-240-CV, 2022 WL 1409578, at *1 (2d Cir. May 4, 2022) (affirming the district court's denial of pre-judgment interest on the basis of its determination that "Plaintiff [would be] adequately compensated by the award as modified"); *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) ("Pursuant to 28 U.S.C. § 1961, 'the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'") (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).

## CONCLUSION

For the foregoing reasons, the Court grants the motion for attorneys' fees and costs, as well as post-judgment interest, but with the following modifications:

(1) CLF is entitled to fees at: an hourly rate of $400 for Andrew Cuddy; an hourly rate of $300 for Kevin Mendillo (reduced by fifty percent for billable travel time); an hourly rate of $200 for Erin Murray and Benjamin Kopp; an hourly rate of $125 for Shobna Cuddy; and an hourly rate of $100 for Allison Bunnell, Amanda Pinchak, Khrista Smith, Cailin O'Donnell, Burhan Meghezzi, Sarah Woodard, and ChinaAnn Reeve.

(2) the number of hours billed by all CLF attorneys and paralegals is reduced by 20 percent across the board;

(3) Kevin Mendillo may bill for only one hour of travel time each way for his trips to New York City in connection with the underlying administrative action;

(4) no other travel-related expenses are to be reimbursed;

(5) copying expenses are to be billed at 10 cents per page; and

(6) CLF may not bill for faxing expenses.

No later than September 14, 2022, Plaintiff shall submit a proposed judgment consistent with this decision. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 15.

SO ORDERED.

Dated: September 6, 2022
       New York, New York

_____
Hon. Ronnie Abrams
United States District Judge